## CIRCUIT COURT OF THE CITY OF RICHMOND

Cathy L. Burch

v.

Bon Secours – Richmond
Health Systems et al.

June 10, 2005

Case No. LS-1458

BY JUDGE T. J. MARKOW

This case is before the court on Defendant's Motion for Summary Judgment. In her Motion for Judgment, Plaintiff alleges conspiracy and tortious interference with at-will employment, based on her discharge from Memorial Regional Medical Center, in October of 2002. Prior to this Motion for Summary Judgment, on demurrer, the court dismissed a claim for wrongful discharge based on the same incident.

Plaintiff was employed by Memorial Regional Medical Center from July 10, 1995, to October 18, 2002. On October 18, 2002, Plaintiff was terminated from her position as a Clinical Resource Manager effective October 16, 2002, as a result of allegations by Defendants that she had engaged in unethical conduct. Her duties involved discharge planning for patients.

Defendants accused Plaintiff of "practic[ing] outside the scope of her nursing license" and "falsif[ying] legal documents." MJ ¶ 15. These allegations arose out of activities by Plaintiff on behalf of a patient being admitted to the hospital on October 16, 2002. Plaintiff claims that Defendants' allegations are false and that it was necessary for her to become involved with that patient in order to ensure the health, safety, and welfare of the patient, whom she believed to have been abandoned. MJ ¶¶ 18 & 21. Plaintiff alleges that Defendants were motivated by personal ill will toward her and that the

actions they took were to protect themselves from liability for abandonment of the patient. MJ ¶ 26.

Defendants contend that they were acting within the scope of their employment, and, therefore, there is no viable cause of action for conspiracy or tortious interference. As Plaintiff concedes, the Defendants must have acted outside the scope of their employment for either cause of action to exist; however, Plaintiff contends that Defendants were acting outside the scope of their employment. Because the scope of employment issue is dispositive, unless "the evidence leaves the question in doubt," there is no "issue for determination by a jury" and therefore there is no need for the court to address the sufficiency of the evidence remaining. *See Commercial Business Systems, Inc. v. BellSouth Services, Inc.*, 249 Va. 39, 43-44 (1995).

Typically, whether an individual was acting within the scope of his employment, is addressed in determining an employer's vicarious liability. Under that doctrine, the test "is not whether the tortious act itself is a transaction within the ordinary course of the business . . . but whether the service itself, in which the tortious act was done, was within the ordinary course of such business." *Davis v. Merrill,* 133 Va. 69, 77-78, 112 S.E. 628, 631 (1922). Stated differently, "the test of liability is not the motive of the employee in committing the act complained of, but whether that act was within the scope of the duties of employment and in the execution of the service for which he was engaged." *Tri-State Coach Corp. v. Walsh,* 188 Va. 299, 305-06, 49 S.E.2d 363, 366 (1948). The court finds no reason why this same test should not be used for purposes of determining whether an employee was acting within the scope of his employment so as to insulate him from liability in the conspiracy and tortious interference context.

Plaintiff's suit is based on her allegation that the Defendants conspired to have her terminated based on false allegations motivated by ill intentions. Viewing the facts determined from the Motion for Judgment and the responses to Requests for Admissions in the light most favorable to the Plaintiff, the court finds that, even if all Plaintiffs' allegations are true, Defendants were all acting within the scope of their employment. The actions taken by Defendants in terminating Plaintiff were all taken within the ordinary course of their business. Plaintiff had no dealings with Defendants outside of her employment. Def. Reply 2.

As offered by Defendants:

> Administrative Director of Human Resources, Jim Godwin reviewed personnel decisions and facilitated the Hospital's grievance procedure. Cathy Landis had overall responsibility for

all Registered Nurses (including Plaintiff) and supervised Defendants Jill Kennedy and Marcy Gillespie. Kennedy, as Administrative Director of Medical and Surgical Services, supervised the Nurse Managers, including Defendant Mariah Jensen. . . . Nurse Manager Jensen supervised all floor nurses on the MCC1 unit of the Hospital, including Defendant Hunt. Jensen (supervisor of the nurse who raised the issue of Plaintiff's conduct on October 16, 2002) and Gillespie (Plaintiff's supervisor) were the appropriate personnel to investigate Plaintiff's involvement with the patient in question. Gillespie was the appropriate person to inform Plaintiff of her termination of her employment.

The Hospital authorized and ratified the disciplinary action taken against Plaintiff by issuing a Record of Counseling form summarizing the reasons for her discharge. Plaintiff availed herself of the Hospital's grievance procedure to contest the discharge, but the decision was upheld by Hospital personnel with no prior knowledge of the events of October 16, 2002.

Def. Reply 2-3 (citations omitted).

Under the *Davis* test, the question as to scope of employment is not whether Defendants tortiously conspired and interfered with Plaintiff's employment, but whether the services they were performing in which the tortious act was done was within the ordinary course of business. The court finds that it was. Regardless of any ill will Defendants may have exercised against the Plaintiff, all actions were taken in the ordinary course of business, in accordance with the procedures of the hospital, and were based on an incident within the ordinary course of business, the care of a patient. This conclusion is further supported by the *Tri-State* test, motive is irrelevant as long as the action taken was within the scope of the duties of employment. Termination of Plaintiff as a result of the care of a patient is within the duties of employment of Defendants. The court finds that all actions taken by Defendants were within the scope of their employment and therefore Plaintiff has no viable cause of action.

It is therefore ordered that the motion for summary judgment is granted and this case is dismissed. Copies of this order are mailed this day to counsel of record.